**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH HUTCHINS, by his attorney in fact CYNTHIA TAINSH, under a power of attorney,<br><br>               Plaintiffs,<br><br>v.<br><br>TEAMSTERS WESTERN REGION AND LOCAL 177 HEALTHCARE PLAN, et al.,<br><br>               Defendants. | Civil Action No. 22-04583 (SDW) (MAH)<br><br>**OPINION**<br><br>April 10, 2023 |

**WIGENTON**, District Judge.

Before this Court is Defendant Teamsters Western Region and Local 177 Healthcare Plan's ('Defendant") Motion to Dismiss (D.E. 6-1) the Complaint filed by Plaintiff Joseph Hutchins, by his attorney in fact Cynthia Tainsh, ("Dr. Tainsh" or "Plaintiff") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e).  This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 17, 2021, Joseph Hutchins ("Mr. Hutchins") "underwent a complex cervical spine surgery performed at Morristown Memorial Hospital—an "in-network" provider"—and received "intraoperative neuromonitoring ('IONM') services" from Dr. Tainsh's medical group. (D.E. 1 ¶¶ 7–10; D.E. 1-1 at 3.) [1]  On June 24, 2021, a claim for $32, 860.70, the cost of the IONM services, was submitted[2] to Defendant and its Third-Party Administrator ("TPA"), Aetna, Inc. (*Id.* ¶ 12.) On August 3, 2021, Defendant paid $579.23 to the IONM provider[3]—an "out[-]of[-]network provider"—for the IONM services. (*Id.* ¶ 13.) The provider thereafter sought to obtain the balance of the procedure cost, $32,281.47, and by August 11, 2021 exhausted "the applicable administrative appeal procedures" with Defendant. (*Id.* ¶ 15.)

On June 16, 2022, Joseph Hutchins executed a Limited Power of Attorney ("POA") that appointed Cynthia Tainsh, M.D., his "Attorney-in-Fact and Agent," and granted Dr. Tainsh authority to

> pursue by any means necessary the collection of monies, funds, benefit, which may be due from my insurance company or plan sponsor for medical/surgical services performed by SUMMIT IONM on me. These means include but are not limited to the following powers: The right to obtain documentation from the insurance carrier or plan sponsor, to [sic] right to file appeals or underpayments, the right to file for arbitration, the right to initiate litigation in both state and federal court, the right to collect monies owed on my behalf and for any other means necessary to effect the collection of monies, funds[,] or benefits which may be due me for services rendered by SUMMIT IONM.

---

[1] D.E. page numbers referenced throughout this Opinion reference the filing page numbers, not each document's original page number.

[2] The Complaint does not specify what party submitted the claim.

[3] The Complaint does not specify to which provider the payment was submitted.

(D.E. 1-1 at 2–4.)  On July 22, 2022, Plaintiff filed a one-count complaint in this Court seeking to enforce a plan benefit pursuant to 29 U.S.C. § 1132(a)(1)(b).  (*See* D.E. 1.)  On October 22, 2022, Defendant filed the instant Motion to Dismiss, and the parties thereafter completed timely briefing. (D.E. 6-1; D.E. 14; D.E. 15.)

## II.   LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 235–36 (3d ed. 2004)); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief" (quoting *Twombly*, 550 U.S. at 555)).

Generally, courts apply the Rule 12(b)(6) standard when a defendant challenges a plaintiff's standing to bring an Employee Retirement Income Security Act ("ERISA") claim.  *Univ. Spine Ctr. v. Aetna, Inc.*, 774 F. App'x 60, 62 n.1 (3d Cir. 2019) ("[W]hether a party has derivative standing to file an ERISA claim 'involves a merits-based determination,' such that a motion to dismiss for lack of ERISA standing . . . is 'properly filed under Rule 12(b)(6).'" (quoting *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015))).  When considering a Motion to Dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However,

"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–11 (3d Cir. 2009) (discussing the *Iqbal* standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679 (citation omitted).  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] . . . that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*

Moreover, when deciding a motion to dismiss, a court may look beyond the pleadings and "consider 'document[s] integral to or explicitly relied upon in the complaint,' or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'"  *Pinkney v. Meadville, Pa.*, No. 21-1051, 2022 WL 1616972, at *2 (3d Cir. May 23, 2022) (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016)).

## III.  DISCUSSION

Plaintiff asserts that the claim is pursued on behalf of Mr. Hutchins "by his attorney in fact Cynthia Tainsh," pursuant to the POA, and that "Defendant's payment for the subject services violate[s] the ERISA plan terms."  (D.E. 14 at 4, 6.)  Plaintiff does not dispute that the insurance plan at issue has a valid anti-assignment clause.[4]  (D.E. 14 at 4–7.)  Defendant contends that

---

[4] The anti-assignment clause provides:

> Benefits payable hereunder shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, or charge by any

Plaintiff's claims must be dismissed because the POA is, in fact, an assignment disguised as a power of attorney, which is barred by the anti-assignment provision in Mr. Hutchins' insurance plan, and that "the Complaint is actually an attempt by the provider to collect against the plan in the guise of a claim brought by the patient where such action is barred by the New Jersey Out of Network Consumer Protection Transparency, Cost, Containment and Accountability Act ("NJNSA")." (D.E. 6-1 at 8.)  Defendant further requests an award of attorney's fees pursuant to ERISA.  (*Id.* at 12.)  This Court addresses each issue in turn.

### A.  Action to Enforce a Plan Benefit Pursuant to U.S.C. § 1132(a)(1)(b)

In *American Orthopedic & Sports Medicine v. Independence Blue Cross Blue Shield*, the Third Circuit held "that anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable."  890 F.3d 445, 453 (3d Cir. 2018).  In so finding, the Third Circuit noted that anti-assignment clauses do not preclude an insured from "grant[ing] a valid power of attorney" that "confer[s] on his agent the authority to assert [a] claim on his behalf."  *Id.* at 455.  The Third Circuit further explained that "[a]ssignments and powers of attorney differ in important respects with distinct consequences for the power of a plan trustee to contractually bind an insured."  *Id.* at 454.  "An assignment purports to transfer ownership of a claim to the assignee, giving it standing to assert those rights and to sue on its own behalf."  *Id.*  A power of attorney

---

person; however, any Eligible Employee may direct that benefits due him/her be paid to an institution in which he/she or his/her Dependent is hospitalized, or to any provider of medical, dental or vision care services or supplies in consideration for Hospital, medical, dental or vision care services rendered or to be rendered.

(D.E. 6-3 at 134.)  Of note, on a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  A court may, however, look beyond the pleadings and "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Id.* at 1196.  Here, this Court considers the POA in favor of Dr. Tainsh because it is attached as an exhibit to the Amended Complaint.  (D.E. 1-1.)  This Court also considers Mr. Hutchins' insurance plan because it is attached as an exhibit to Defendant's Motion to Dismiss and referenced in the Amended Complaint.  (D.E. 6-3.)

"'does not transfer an ownership interest in the claim,' *id.* at 454–55 (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008)), but simply confers on the agent the authority to act 'on behalf of the principal,'" *id.* (quoting *In re Complaint of Bankers Tr. Co.*, 752 F.2d 874, 881 (3d Cir. 1984)).

The "authority to act 'on behalf of the principal'" is the primary issue at hand in this matter. *Id.* (quoting *Complaint of Bankers Tr. Co.*, 752 F.2d at 881).   In *Tamburrino, M.D., et al. v. UnitedHealth Grp., Inc. et al.*, this Court found that a power of attorney functioned as an assignment, which was barred by the anti-assignment clause of the insured's ERISA plan.   No. 21-12766, 2022 WL 1213467, at *3 (D.N.J. Apr. 25, 2022).   The power of attorney in that matter effectively transferred the patient's interest in recovery to the provider, so that the provider could pursue the claims as if they were his own, which this Court found violated the anti-assignment provision of the ERISA plan.   *Id.* at *4.   This Court found, alternatively, that even if the power of attorney were a valid instrument, the provider would not have ERISA standing "[b]ecause "[a]n attorney in fact cannot litigate on their own behalf and for their own benefit."   *Id.* (citing *N.J. Spine & Orthopedics, LLC v. Bae Sys., Inc.*, No. 19-10735, 2020 WL 491258, at *2 (D.N.J. Jan. 29, 2020) (dismissing for lack of ERISA standing claims brought by healthcare provider pursuant to a power of attorney even though complaint caption stated healthcare provider was proceeding as an attorney in fact))).

Here, Plaintiff purports that because there is no reliance "on an assignment of benefits," and because Dr. Tainsh "is an individual and not an entity," her "association with the medical provider is of no moment," and "nothing is amiss with the POA."   (D.E. 14 at 5.)   The POA at issue grants Dr. Tainsh "the right to collect monies owed on [Mr. Hutchins'] behalf and for any other means necessary to effect the collection of monies, funds[,] or benefits which may be due

[to Mr. Hutchins] for services rendered by SUMMIT IONM." (D.E. 1-1 at 2.)  Dr. Tainsh, however, is not seeking to collect monies owed on Mr. Hutchins' behalf; Mr. Hutchins does not owe Dr. Tainsh monies.  Further, Defendant does not owe Mr. Hutchins any reimbursement, so, contrary to the explicit language of the POA, Dr. Tainsh cannot pursue a claim for monies owed to Mr. Hutchins.

Defendant astutely points out that Mr. Hutchins cannot be held liable or responsible for any debt related to this service and purportedly owed to Dr. Tainsh or her medical practice because the NJNSA preclude[s] a healthcare provider from balance-billing a patient absent certain protections afforded under the [NJNSA]."  (D.E. 6-1 at 11.)  Under the NJNSA, "[u]nless negotiations for reimbursement result in an agreement between the provider and the plan member within 30 days [after the plan member is sent a bill for the services], a provider shall not collect or attempt to collect reimbursement, including initiation of any collection proceedings, until the provider files a request for arbitration with the department pursuant to this section."  N.J. Stat. § 26:2SS-11(a).  That provision impacts this matter because it means that, at this point, Dr. Tainsh is unable to recover any balance-billing payment from Mr. Hutchins and would have had to have previously pursued binding arbitration to resolve any dispute about payment for the services.

Dr. Tainsh did not pursue such arbitration, and instead seeks to recover payment from Defendant by acting as an attorney-in-fact (agent) for Mr. Hutchins (principal).  Dr. Tainsh, however, is not functioning as an agent on behalf of a principal; any recovery achieved will not benefit Mr. Hutchins in any way, as—pursuant to the NJNSA—he does not owe a debt to Dr. Tainsh, and she is not seeking to vindicate a right on his behalf.  Plaintiff's counsel concedes as much by admitting that "in this case, there is no dispute between the patient (Plaintiff) and his medical provider."  (D.E. 14 at 13.)  If Mr. Hutchins does not owe any balance of the bill, Dr.

Tainsh cannot recover anything on his behalf.  If Dr. Tainsh were acting to benefit Mr. Hutchins in some way, the POA could have effect, as in cited instances in *Am. Orthopedic & Sports Med.* 890 F.3d at 453 (noting examples in which a power of attorney may assist patients experiencing "short-term incapacitation after medical procedures," "deployed service members," or patients "suffering from progressive conditions").  In other words, in certain instances, a power of attorney can enable an agent to benefit a principal by handling the principal's affairs and ensuring medical claims are addressed as needed.  In this circumstance, however, any financial claim and recovery Dr. Tainsh achieves will not benefit Mr. Hutchins.  Dr. Tainsh is not acting as an agent and is instead clearly representing her own interests in an obvious end-run around the anti-assignment provision of the ERISA plan.

"Attorney[s-]in[-]fact cannot litigate on their own behal[ves] and for their own benefit." *N.J. Spine & Orthopedics, LLC v. Bae Sys., Inc.*, No. 19-10735, 2020 WL 491258, at *2 (D.N.J. Jan. 29, 2020) (dismissing for lack of ERISA standing claims brought by healthcare provider pursuant to a power of attorney even though complaint caption stated healthcare provider was proceeding as an attorney in fact); *see also O'Brien v. Aetna, Inc.*, No. 20-05479, 2021 WL 689113, at *3 (D.N.J. Feb. 23, 2021) (same).[5]  This Court finds that, with the discreet facts presented here, combined with the fact that Mr. Hutchins will not derive any benefit whatsoever from any recovery, the POA is the functional equivalent of an assignment, which is thus barred by the anti-assignment provision of the ERISA plan, and Dr. Tainsh is functionally acting as Plaintiff, but lacks standing to pursue the claim.  Plaintiff's claim, therefore, is dismissed.

---

[5] While at least one court in this District has permitted a case to proceed in the healthcare providers' own names where the complaint indicated the claims were brought on behalf of patients, *see Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2021 WL 3661326, at *5 (D.N.J. Aug. 18, 2021), the weight of authority suggests that suit must be brought in the patient's name.  *See N.J. Spine & Orthopedics, LLC*, 2020 WL 491258, at *2; *O'Brien v. Aetna, Inc.*, 2021 WL 689113, at *3; *Lutz Surgical Partners PLLC v. Aetna, Inc.*, No. 15-02595, 2021 WL 2549343, at *6 (D.N.J. June 21, 2021) ("Plaintiffs also cannot establish ERISA standing by asserting a POA, because they are litigating in their own names, not on behalf of their patients.").

**B. Request for Attorney's Fees and Costs**

Defendant requests that this Court award attorneys' fees and costs for this Motion, pursuant to 29 U.S.C. § 1132(g)(1), which provides that "the [C]ourt in its discretion may allow a reasonable attorney's fee and costs of action to either party." This Court declines to exercise such discretion at this time and denies Defendant's request to impose such fees and costs, without prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED without prejudice**. Plaintiffs shall have an opportunity to amend the Complaint, assuming Plaintiff can cure the defects identified herein. Any amended pleading must be filed within thirty (30) days. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Michael A. Hammer, U.S.M.J.